BRAINARD *v.* FEATHER.

ESTATES OF DECEDENTS—CLAIMS—SUBROGATION.

Defendant and his wife executed notes to complainant. Defendant's wife died, and one-half her estate descended to defendant, who mortgaged the same to complainant upon surrender of such notes. Defendant bought other interests in the estate from complainant and other heirs, securing the purchase price thereof by land contracts. Complainant, by foreclosure of the mortgage, termination of the land contracts, and purchase, became seised of the entire estate. Administration was had upon the wife's estate, and defendant presented such notes as a claim against the estate, and such claim was allowed. *Held,* that complainant was entitled to be subrogated to all the rights of defendant as claimant against such estate.

Appeal from Washtenaw; Kinne, J.   Submitted January 31, 1900.   Decided March 27, 1900.

Bill by Nancy A. Brainard against Joseph Feather and Matthew Seeger, administrator of the estate of Caroline Feather, deceased, for subrogation to the claim of Joseph Feather against the said estate.   From a decree granting only a part of the relief sought, complainant appeals. Reversed.

*Randall & Jones,* for complainant.

*Arthur Brown* and *M. J. Lehman,* for defendants.

LONG, J.   It appears that in 1889 the complainant held three notes given by Joseph Feather and Caroline Feather, his wife, amounting to $1,800.   Mrs. Feather was the owner of 72 acres of land, upon which the parties resided. She died in May, 1890, leaving no children; and her estate descended one-half to her husband, Joseph Feather, and the other half to her brothers and sisters.   Soon after Mrs. Feather's death, complainant urged defendant Joseph Feather to pay the amount of the notes held by her. An arrangement was made by which he secured the payment of this $1,800 to complainant by giving his own note, and a mortgage upon his undivided one-half interest in the said 72 acres of land left by Mrs. Feather.   The notes given by Joseph Feather and his wife to complainant were one of $500, one of $100, and one of $1,200.   These notes were surrendered by complainant to Joseph Feather on the giving of the mortgage on June 25, 1890.   On this same date Joseph Feather purchased from complainant her one-eighth interest in the said 72 acres of land, to which she was heir as a sister of Caroline Feather, deceased.   The purchase price of this one-eighth interest was $675, and was secured by land contract.   Feather paid the interest on the mortgage and on the land contract to June, 1894.

In June, 1895, complainant filed a bill to foreclose her

mortgage. Joseph Feather was made the party defendant. He did not answer the bill, and a decree of foreclosure was granted, and the premises sold August 12, 1896. The complainant became the purchaser of the half interest covered by this mortgage. Joseph Feather had also bought the one-eighth interest in the 72 acres of another sister of his deceased wife. At the commencement of the foreclosure proceedings by complainant, she gave notice of the termination of the land contract with Feather. The sister, who had given a similar contract for her interest to him, also gave notice of the termination of her contract, for nonpayments thereunder. A bill for partition of the premises was filed by another sister. This partition proceeding resulted in a decree by which Feather was given one-half of the 72 acres, and the brothers and sisters given one-eighth each, or the other half interest. The title then stood as follows: The complainant had the half which had descended to Feather, by virtue of the decree of foreclosure of her mortgage given by him to secure the $1,800 in notes. She also had a one-eighth interest under the partition, the title to the other interests being in her brothers and sisters. In the spring of 1896 she purchased their interests, and entered into possession of the whole 72 acres.

During this time no administration had been had upon the estate of Caroline Feather. In the fall of 1896 one Doane, claiming to be a creditor, presented a petition to the probate court for the appointment of an administrator, and one was appointed. In the course of that administration, Joseph Feather presented, as a claim against that estate, the three notes he had received from the complainant, and for which he gave the $1,800 mortgage. His claim was allowed at $1,300. The contest over that claim was appealed to this court. *Feather* v. *Feather's Estate,* 116 Mich. 384 (74 N. W. 524). It was stated in the opinion in that case that:

"Claimant presented for allowance a claim against the estate of his deceased wife. The claim was for money

paid in discharge of a note executed by deceased and claimant. Claimant asserts that he was a mere surety, and that the obligation was the obligation of deceased.''

The jury in that case found in favor of the claimant on that issue, and the judgment was affirmed here. It appeared in that case that Mrs. Brainard (the complainant here) disputed this claim, and testified that the loan of $1,200 was made to Mr. Feather; but it was said of her testimony by this court:

''There is testimony tending to impeach her statements; the probate judge having been called to testify that she testified in the probate court that she had loaned the money to Mrs. Feather, and that the note was given by both Mr. and Mrs. Feather.''

The present bill is filed by complainant, asking to be subrogated to the claim made by Joseph 'Feather against the estate of his wife, and to enjoin him from enforcing his claim against said estate. The cause was heard in open court, and the court below decreed that Joseph Feather be restrained from enforcing the claim against the undivided one-half interest of said estate which was mortgaged by him to pay the claim to complainant; but the decree provides as follows:

'' *Provided,* that nothing in this decree is to be so construed as to estop or restrain the defendants, or either of them, from petitioning the probate court of said county for an order to sell the real estate of said deceased which was not mortgaged by said Joseph Feather to said complainant, or set off to him by the commissioners in partition; and nothing in this decree is to be construed as intending in any way to estop or restrain the defendant Joseph Feather or his assigns from collecting said claim against the estate of Caroline Feather out of, from, or against the lands of said deceased not mortgaged by said Joseph Feather to complainant, or set off by said commissioners in partition to said Joseph Feather as aforesaid, and coming into possession of said complainant by virtue of said partition and foreclosure proceedings; and nothing is to be so construed as to restrain in any way the said defendants, or either of them, or the probate court of said

county, from taking the necessary proceedings in said probate court, and in the estate of said Caroline Feather, deceased, now pending in said probate court, for the payment of said claim: *Provided, however,* that the part of said estate which was mortgaged by said Joseph Feather to complainant, and set off to said Joseph Feather by said commissioners in partition, be not used for that purpose. And it is further ordered, adjudged, and decreed that the said complainant do recover her costs in said suit to be taxed."

Complainant has appealed from this decree.

We think the court below was in error in this disposition of the case. The bill asks that the complainant be subrogated to all the rights of Joseph Feather as claimant against the estate of his wife. It is apparent that, when the complainant received the mortgage of $1,800, she regarded the notes as paid, and not as a subsisting lien against the estate of Mrs. Feather. Complainant at that time owned not only the mortgage on the undivided half interest of the Feather farm, but she also had a quarter interest in the other half of the farm. She subsequently became the owner of this entire half, and she apparently purchased it in reliance upon the fact that these notes were paid, and the estate released from any further obligations thereon. Joseph Feather was legally liable on the notes. They were paid by him by the giving of the mortgage, and he cannot now make a claim upon them against the unmortgaged half of the farm. He must have regarded them as paid, so far as the estate was concerned, for he entered into a contract to purchase certain interests in the estate after the mortgage was given. He paid interest on the mortgage, and also on this contract of purchase. He cannot now be permitted to set up this claim against the estate.

The decree below must be reversed, and a decree entered here in accordance with the prayer of complainant's bill, with costs of both courts in favor of complainant.

The other Justices concurred.